UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
(Boston Division)

TARYN CAMARA,
    Plaintiff

v.                                                            C.A. No. 1:21-cv-10117-RWZ

CITY OF FALL RIVER, by and Through
Its Treasurer, Ian P. Schachne;
FALL RIVER PUBLIC SCHOOLS,
by and Through Its Superintendent,
Maria Pontes;
MATTHEW H. MALONE; and
MICHAEL SUPLEE;
    Defendants.

## FALL RIVER PUBLIC SCHOOLS ANSWERS TO FIRST SET OF INTERROGATORIES OF PLAINTIFF

**INTERROGATORY NO. 1:** State the full name, residential address (if applicable), business address, employer, and title of the person executing the responses to these interrogatories. Please set forth the capacity in which such person responds to these interrogatories.

Thomas Coogan,
Executive Director of Human Resources,
Fall River Public Schools
417 Rock Street
Fall River, MA 02720

**INTERROGATORY NO. 2:** Identify each and every person who was consulted, conferred, interviewed, or who otherwise provided information in connection with the preparation of the responses to these interrogatories. Provide the full name, residential and business addresses, telephone numbers, e-mail addresses, and job title for each identified person, and the substance of the information you know or believe that each such person has.

See Response above,
Also:
Attorney Bruce Assad
Legal Counsel for the Fall River School Committee

**INTERROGATORY NO. 3:** Identify each and every individual that you believe has knowledge of the facts relating to Plaintiff's termination on July 1, 2020, including, without limitations, the incidences giving rise to Plaintiff's termination, and further provide

Defendant's understanding of their knowledge. Include in your response:

a. name;
b. business address and telephone number;
c. residential address and telephone number;
d. e-mail addresses;
e. the information of which you believe each individual has knowledge; and
f. the lawyer who represents each such individual, if any.

Taryn Camara, Teacher
55 Bigelow Street
Fall River, MA 02720
508-646-8167

Maria Pontes, Principal (as of 6/2020, Currently Assistant Superintendent for Instruction/CAO)
c/o 52 Globe Mills Ave.
Fall River, MA 02720
774-644-5032

Keith Michon, Teacher
77 Tryon Ave.
Rumford, RI 02916
401-662-3044

Jesse Cohen, Teacher
23 Burton Street
Bristol, RI 02809
347-417-1257

Matt Silva, Counselor/Support Coordinator
40 Winchester Lane UNIT 14
Fall River, MA 02721
508-642-6322

Michael Thornton, Teacher
308 Locust Street
Fall River, MA 02720
508-631-9981

Rebecca Cusick, President- FREA
c/o 178 Fourth Street
Fall River, MA 02720
508-679-4392

Also:
Matthew Malone (Superintendent at the time of the incident)
Current Address unkown

Thomas Coogan, Director of Human Resources

Atty. Bruce Assad

**INTERROGATORY NO. 4**: Identify each and every individual you intend to call as a witness at a trial in this matter or who may testify at a trial in this matter. Include in your response:

a. name;

  b. business address and telephone number;
  c. residential address and telephone number;
  d. e-mail addresses;
  e. the facts to which you believe each individual may testify; and
  f. the lawyer who represents each such individual, if any.

See the response to Interrogatory #3

**INTERROGATORY NO. 5:** From June 5, 2020 to July 1, 2020, identify all non-privileged communications concerning Plaintiff, including, but not limited to, e-mails and text messages, between Defendant's employees, contractors, and agents and any person external to Defendant.

See email file as produced

**INTERROGATORY NO. 6:** From June 5, 2020 to July 1, 2020, identify all non-privileged communications concerning Plaintiff, including, but not limited to, e-mails and text messages, between Defendant's employees, contractors, and agents.

See the response to Interrogatory #5

**INTERROGATORY NO. 7:** Identify whether you have obtained a statement from any person concerning the incident or incidences that gave rise to Plaintiff's termination. If so, please state:

  a. The name and address of the person who gave the statement, and the date said statement was obtained;
  b. Whether the statement was oral or written;
  c. The name and address of the person to whom the statement was made;
  d. The nature and description of the substance of each such statement;
  e. Any claim of privilege.

We have the statement from Ms. Camara that she offered on 6/8/2020. Additional oral statements were made to the principal Maria Pontes, as well as to Union President Rebecca Cusick.

**INTERROGATORY NO. 8:** Identify each non-employee who contacted you about Plaintiff's June 5, 2020 Facebook posts or comments. Include in your response:

  a. name;
  b. business address and telephone number;
  c. residential address and telephone number;
  d. e-mail addresses;
  e. whether the person who contacted you is a parent of a student of the Fall River public schools; an employee of Defendant; a co-worker of Plaintiff; a resident of the City of Fall River; or none of the aforementioned;
  f. a brief description of the communication;
  g. the form of the communication (e-mail/phone call/text message/social

media comment or post);

1.) Michael Middleton, complaint via email, relationship to school district unknown. Includes screen shot images beginning with Taryn Camara

2.) Brianna Gill, complaint via email, relationship to school district unknown.

3.) Lily McDonald -Middleton, complaint via email, relationship to school district unknown.

4.) Kayla Medeiros, complaint via email, relationship to school district unknown, community member.

5.) Angela Valles complaint via email, relationship to school district unknown.

6.) Dorian Frenette, complaint via email, relationship to school district unknown.

7.) Tiffany Pineault, complaint via email, relationship to school: president of the Special Ed Parent Advisory Committee (SEPAC), parent of student in district.

8.) Alice Bloom, complaint via email, relationship to school district unknown.

9.) Haillie Torres, complaint via email, FRPS Student

There were also calls or messages left on phones. Messages left on phones with names and numbers are called back, or may be entered into the K12 Talk system, calls that are fielded and answered were typically responded to with "We are aware of the situation, and are acting on it." This is a personnel matter and we are unable to comment on personnel matters, this situation is under investigation." There were between 7-10 calls to the central office building to report or complain, and we have no record of the number of complaints if any, made directly to the school.

**INTERROGATORY NO. 9**: Identify each employee who contacted you about Plaintiff's June 5, 2020 Facebook posts or comments. Include in your response:

    a.    name;
    b.    business address and telephone number;
    c.    residential address and telephone number;
    d.    e-mail addresses;
    e.    a brief description of the communication;
    f.    the form of the communication (e-mail/phone call/text message/social media comment or post);

Maria Pontes, Principal (as of 6/2020, Currently Assistant Superintendent for Instruction/CAO)
c/o 52 Globe Mills Ave.
Fall River, MA 02720

774-644-5032

Keith Michon, Teacher
77 Tryon Ave.
Rumford, RI 02916
401-662-3044

Jesse Cohen, Teacher
23 Burton Street
Bristol, RI 02809
347-417-1257

Matt Silva, Counselor/Support Coordinator
40 Winchester Lane UNIT 14
Fall River, MA 02721
508-642-6322

Michael Thornton, Teacher
308 Locust Street
Fall River, MA 02720
508-631-9981

Rebecca Cusick, President- FREA
c/o 178 Fourth Street
Fall River, MA 02720
508-679-4392

**INTERROGATORY NO. 10:** From 2010 to 2020, identify each employee you have terminated. Include in your response:

    a.    name;
    b.    business address and telephone number;
    c.    residential address and telephone number;
    d.    e-mail addresses;
    e.    a brief description of the conduct that lead to the termination;
    f.    if the termination was grieved and submitted to arbitration, whether it was upheld or overturned

See FRPS termination list

**INTERROGATORY NO. 11:** From 2010 to 2020, identify each employee you have placed on paid or unpaid administrative leave. Include in your response:

    a.    name;
    b.    business address and telephone number;
    c.    residential address and telephone number;
    d.    e-mail addresses; and
    e.    a brief description of the conduct that lead to the administrative leave

See FRPS Administrative leave list

**INTERROGATORY NO. 12:** Fully describe the reason(s) behind and the circumstances of the decision to place Plaintiff on paid administrative leave on June 5, 2020, including, without limitation, identification of:

    a.    each and every reason why Defendant made the decision;
    b.    the criteria, policy or rule relied upon by Defendant in making the decision;
    c.    every fact that Defendant relied upon when making the decision;

    d.    every individual with knowledge of the fact(s) which were relied by Defendant in making its decision;
    e.    all documents that were consulted by Defendant in making its decision;
    f.    any inquiry, communication or investigation, that was conducted by Defendant for the purpose of arriving at its decision;
    g.    each and every individual who participated in any way in the decision-making process;
    h.    the role each identified individual had in the Defendant's decision;
    i.    the date on which the decision was made; and
    j.    the individual(s) with final authority to make the decision.

See the explanation summary:
The district of Fall River has just over 10,000 students, and over 51% minority. The level of economically disadvantaged students is one of the highest in the state. We are a textbook example of a high needs urban district. With that level of need among our students and community, we struggle to fulfill our mission of assisting our families in educational attainment, which is the key to gaining economic opportunity for their futures. The current setting in this country and our community is very tense, between the media,

social media, and the discourse among political leaders at all levels. In this context we have invested in more staff and programs designed to support the social and emotional learning for our students at all levels from PK-12.
This is the context for the incident involving the social media postings of Ms. Camara.

Fall River has a Social Media Policy adopted in 2012, which is clear, specifically "You will be responsible should any information you intended to be "private" becomes "public" due to your own ignorance of the features of the social network you have decided to use or your failure to properly use such features."

It also states "You must also know that any information you share privately with a recipient could be re-distributed by such recipient, without your knowledge or consent." It further goes on to state explicitly: <u>Any conduct, whether online or not, that reflects poorly upon the school district or consists of inappropriate behavior on the part of a staff member, may expose an employee to discipline up to and including discharge.</u> And …"If your behavior is inappropriate, undermines your authority to instruct or maintain control and discipline with students, compromises your objectivity, or harms students, the school district reserves the right to impose discipline for such behavior."

Ms. Camara chose to offer her opinions on a very sensitive subject at what is probably the most volatile time for race relations in this country in the last 50 years. Several colleagues who followed her and her posts attempted to interact and caution her in her commentary were unsuccessful. The remarks in and of themselves were offensive and racially insensitive. For a teacher of children where the majority of the population is minority, this is unacceptable. She chose to use her account to take a position that brought controversy to the district and casts the school in a light that allows questions about the integrity and objectivity of our staff. The superintendent considered the Social Media Policy and her actions in his deliberation.

The superintendent considered the nature of the remarks, and the argument Ms. Camara

and her representative Atty. Panetierre presented. Their defense was a concession that the remarks were made, but that the intent was misinterpreted. Her local union representation shared that many of the membership were deeply offended by the remarks, and that the situation was not representative of their profession or the body of teachers who service our students. The superintendent also on the information that was put forth in the posted remarks, and his advisers (HR, Principal Pontes, and Corporate Counsel Assad), and then acted on his authority.

The documents relied on and reviewed were the portions of the online posts, the additional information and posts provided in our meeting with Atty. Panetierre, and the termination packet including the district's Social Media Policy. Ms. Camara admitted that she had deleted the thread of posts so a comprehensive and fully inclusive thread was unavailable.

The language of the remarks was offensive and insensitive to the population we serve, and the community in which we work. In her meeting, she did not deny making the statements and appeared un-contrite for the remarks, and her explanation was that the offended people had misinterpreted her intention, and their misinterpretation was responsible for the situation. She then contacted the school committee directly, after previously asking a representative (at the beginning of the controversy) if she should reach out to the mayor or school committee to exert some leverage on the situation. The nature of the language in

the remarks is incompatible with the mission of this district to serve and support all students and this community.

In the end of the process, the superintendent acted on his authority under MGL Ch. 71 section 42, and on July 1 terminated the employment of Ms. Camara after affording her due process under her contract and the law.

**INTERROGATORY NO. 13:** Kindly identify each person with whom you consulted prior to making the decision to terminate Plaintiff. Include in your response:

    a. name;
    b. business address and telephone number;
    c. residential address and telephone number;
    d. e-mail addresses; and
    e. job title or occupation

1.) Maria Pontes, 417 Rock Street
    Fall River, MA 02720
    508-675-8420
    mpontes@fallriverschools.org
    Principal, Kuss Middle School ( at that

time)

2.) Thomas Coogan,
   417 Rock Street
   Fall River, MA 02720
   508-675-8420
   tcoogan@fallriverschools.org
   Director, Human Resources

3.) Bruce Assad,
   16 Bedford Street
   Fall River, MA 02720
   508-673-2004
   Baalawfirm@aol.com
   Corporate Counsel, School Committee Atty.

**INTERROGATORY NO. 14**: Kindly identify each employee assigned to work at the Matthew J. Kuss Middle School for the academic school year 2019-2020 and please provide the following information:

   a. name;
   b. employment status; and
   c. job title

**INTERROGATORY NO. 15**: If you claim that Plaintiff's June 5, 2020 Facebook posts and/or comments caused a disruption of the School District's ability to provide educational instruction to public school students, please state the following:

   a. a detailed explanation that supports your position;
   b. the specific educational instruction that was affected by the alleged disruption;
   c. the specific public students who were affected by the alleged disruption;
   d. the name of the school(s) affected by the alleged disruption;
   b. every fact that you relied on in reaching this conclusion;
   d. every individual with knowledge of the fact(s) which were relied on in reaching this conclusion;
   e. all documents that were consulted by Defendant in reaching this conclusion;
   f. any inquiry, communication or investigation, that was conducted by Defendant for the purpose of arriving at its conclusion;

See explanation (in response to #12)

**INTERROGATORY NO. 16**: Please state the name, address and specialty of each and

every expert you and/or your counsel have consulted, retained and/or intend to have testify on your behalf regarding this case and as to each such expert, please state:

   a. the field of specialty of the expert;
   b. the subject matter upon which the expert is expected to testify;
   c. a detailed statement of the facts upon which each expert will rely in expressing an opinion at trial;
   d. the substance of the opinions on which each such expert will rely in expressing an opinion at trial; and
   e. a summary of the grounds for each opinion.

At this time no expert has been retained.

**INTERROGATORY NO. 17:** With regards to the investigation that you conducted into the allegations that on June 5, 2020, Plaintiff engaged in conduct unbecoming a teacher, please provide the following information:

   a. name of every person who conducted the investigation;
   b. all documents that were consulted by Defendant in conducting the investigation;
   c. the number of days spent on the investigation;
   d. the names and contact information for every person who was interviewed

See list in response to #9, and Malone, Coogan, and Pontes

**INTERROGATORY NO. 18:** Identify every employee or any other person who has ever complained to you for any reason about former Superintendent Matthew Malone's workplace conduct during his entire employment with the City of Fall River. Include in your response:

   a. name of complainant;
   b. business address and telephone number;
   c. residential address and telephone number;
   d. e-mail addresses;
   e. whether the person who complained is a non-employee or a current or former employee;
   f. the employee's job title; and
   g. a brief description of the complaint; and
   h. whether the complaint resulted in discipline

Objection, this interrogatory is overbroad and confusing as to what it is trying to illicit.

Brian Mikolazyk, Ann Dargon, Lisa Scorpio, Vanessa Reale, Cathy Carvalho

Aslo : Frank Farias, Cynthia Couto, Paula Soares, Scott Cabral

_____
Thomas Coogan
Signed under the Pains and Penalties of Perjury

Dated: October 11, 2022